IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NOS: 02-CV-2710 |
| | : | 02-CV-2711 |
| BAGGA ENTERPRISES, INC., et al. | : | 02-CV-2080 |
| | : | 02-CV-2086 |
| Defendants | : | |

**MOTION OF PLAINTIFF, FL RECEIVABLE
TRUST 2002-A TO ENFORCE SUBPOENA TO
<u>COMPEL COMMERCE BANK TO PRODUCE DOCUMENTS</u>**

AND NOW, Hecker Brown Sherry and Johnson LLP on behalf of plaintiff, FL Receivable Trust 2002-A (hereinafter "plaintiff") hereby moves to enforce this Court's subpoena upon Commerce Bank to produce and permit inspection and copying of documents, and in support thereof avers as follows:

1.  On or about April 12, 2002, plaintiff's predecessor-in-interest, Captec Financial Group, Inc., instituted the above-captioned actions to recover monies paid to and owed by defendants Bagga Enterprises, Inc., Jamuna Real Estate, LLC, United Management Services, Inc. and Welcome Group, Inc.

2.  On or about December 20, 2002, default judgments were entered in favor of plaintiff and against defendants in each of these four actions. The total of the four judgments was in excess of $4,500,000.00.

3.  On or about March 14, 2003, a subpoena issued by the United States District Court for the Eastern District of Pennsylvania was served upon Commerce Bank commanding that it produce and permit inspection and copying of the documents described in Exhibit "A" to the subpoena. Exhibit "A" requested production of:

116040-1

>Any and all records including but not limited to statements of account, transaction histories, ledgers, and other such documents regarding, reflecting and/or relating to all transactions made from January 1, 2000 to the present on any and all bank accounts, certificates of deposit, safe deposit boxes, pledges, documents of title, securities, Treasury Bills, repurchase agreements, notes, bonds, coupons, receivable, collateral, investment and/or commercial paper to which the following defendant corporations have ownership and/or an interest:
>
>>Bagga Enterprises, Inc., EIN No. 23-2963839;
>>Jamuna Real Estate, LLC, EIN No. 23-2963841;
>>United Management Services, Inc., EIN No. 2888546;
>>Welcome Group, Inc., EIN No. 23-2938699

4. The subpoena set March 25, 2003 as the last day by which Commerce Bank was to produce the responsive documents. The subpoena is attached as Exhibit "A".

5. Instead of producing the documents, Commerce Bank sent several letters acknowledging receipt of the subpoena, enclosing an invoice for photocopies of monthly account statements provided and requesting that plaintiff identify the check and deposit information to be produced. The letters are attached as Exhibit "B".

6. By letter dated April 4, 2003, plaintiff's counsel sent its check in the amount of $362.00 to Commerce Bank to cover the fees for obtaining photocopies of the information relating to the bank statements of United Management Services for the period December 2002 through February 2003. The letter is attached as Exhibit "C".

7. Thereafter, Commerce Bank provided plaintiff with copies of checks deposited to or drawn upon the account of United Management Services together with copies of deposit slips.

8. Even though Commerce Bank did not respond to the subpoena until April 4, 2003 when documents pertinent to March 2003 activity in the bank account should have been available, Commerce Bank did <u>not</u> provide copies of any documents for March 2003.

116040-1

9. Sometime before March 13, 2003, plaintiff transferred the federal court judgments to the Montgomery County Court of Common Pleas and thereafter issued writs of execution with interrogatories in attachment, which were served upon Commerce Bank by the Montgomery County Sheriff's Department on March 13, 2003.

10. Through its attorneys, Blank Rome, Commerce Bank answered plaintiff's interrogatories in attachment on April 16, 2003. A copy of Commerce Bank's Answers is attached as Exhibit "D".

11. Thereafter, plaintiff's counsel communicated with the Commerce Bank's counsel in an effort to obtain the remaining documents called for by the subpoena, which have not yet been produced.

12. The subpoena requires production of all documents related to any transactions on any account owned by any of the defendants from January 1, 2000 to the present, but Commerce Bank has produced only limited documents pertaining to transactions for the three-month period of December 2002 through February 2003. No documents have been produced with respect to transactions on the account for any period before December 2002, and no documents have been produced concerning transactions on the account occurring after February 2003.

13. Pursuant to Federal Rules of Civil Procedure 45, 34 and 26, Commerce Bank has the duty to provide information relevant to the subpoena and to supplement its initial response to the subpoena.

14. Plaintiff hereby requests this Honorable Court to enter an order directing Commerce Bank to produce all documents responsive to the requests set forth in Exhibit "A" to the subpoena, including documents pertaining to transactions occurring during the month of March 2003 and thereafter.

116040-1

15. The documents pertaining to the transactions for the month of March are relevant and within the ambit of the subpoena in that Commerce Bank's answers to the attachment interrogatories state that after the writ and interrogatories were served, March 14, 2003, and up through March 20, 2003, over $216,887.00 was dispersed from the account.

16. Accordingly, plaintiff seeks the records pertaining to the transactions on the account for March, 2003 in order to determine, among other things, to whom the account money was paid or delivered in contravention of the writ of execution.

17. Plaintiff has diligently pursued defendants, making all reasonable attempts to collect on these outstanding judgments. Defendants and their principal, Mr. Bagga, have thwarted and resisted plaintiff's lawful efforts to recover the amounts due. The Commerce Bank information must be produced as soon as reasonably possible; otherwise, as demonstrated below, assets and accounts available to satisfy plaintiff's judgments may be transferred, reduced or diminished.

18. For example, equipment on which plaintiff had a lien located in Texas was taken from Texas without plaintiff's knowledge and concealed. Plaintiff demanded its return. Last week, Mr. Bagga returned some equipment to Texas, allegedly that financed by plaintiff. But the equipment returned is not all of the equipment, and it may not even be the original equipment. Second, plaintiff foreclosed on two stores in Scranton and Wilkes-Barre. The equipment at the stores was incomplete, and very expensive POS registers were damaged.

19. Additionally, the Court ordered Khushi Bagga, Mr. Bagga's wife, to appear for a deposition, but she left the Country before the scheduled date. The bank accounts for which they did produce records show large amounts of money flowing through Commerce Bank accounts, tens of thousands of dollars in cash and checks from multiple accounts for affiliates of

116040-1

defendants, most of which were signed by Khushi Bagga, deposited into United Management Service's account, evidencing co-mingling of group cash. Even though the United Management account records show hundreds of thousands of dollars in transactions each month, Mr. Bagga's businesses haven't paid anything to plaintiff for over a year and a half. Finally, Mr. Bagga put the guarantor corporation into Bankruptcy just six weeks ago. Bagga's remaining tangible assets consist of perishables, such as vegetables and other food stuffs.

20. Accordingly, if Commerce Bank is not ordered to produce all the relevant information it has concerning the defendant corporations and any of their accounts, plaintiff may never locate defendants' assets or obtain payment of the over $4,500,000 amount due.

21. The burden on Commerce Bank to thoroughly check its records and produce all documents responsive to the subpoena is relatively slight compared to the likely irreparable harm that plaintiff will suffer if it is forced to serve yet another subpoena upon Commerce to obtain the documents which were previously requested over two months ago.

WHEREFORE, plaintiff requests that the motion to enforce subpoena and to compel production of documents be granted and that Commerce Bank be ordered to produce all relevant documents within five days of the date of this Order.

        HECKER BROWN SHERRY AND JOHNSON LLP

BY: _____
    Geoffrey W. Veith
    Madeline M. Sherry
    1700 Two Logan Square
    18th and Arch Streets
    Philadelphia, PA 19103
    (215) 665-0400
    Attorneys for Plaintiff
    FL Receivable Trust 2002-A

Dated: June 5, 2003

116040-1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff FL Receivable Trust 2002-A's Motion to Enforce Subpoena to Compel Commerce Bank to Produce Documents were served via hand delivery, this 6th day of June, 2003 on the following counsel of record:

Louis I. Lipsky, Esquire
Lipsky & Brandt
11001 Market Street, Suite 2820
Philadelphia, PA  19107

Alan C. Gershenson, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103-6998

HECKER BROWN SHERRY AND JOHNSON LLP

BY: _____
Geoffrey W. Veith
Madeline M. Sherry
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(215) 665-0400
Attorneys for Plaintiff
FL Receivable Trust 2002-A

116040-1