IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | CIVIL ACTION |
| | : | NOS. 02-2080 |
| v. | : | 02-2086 |
| | : | 02-2710 |
| BAGGA ENTERPRISES, INC., et al. | : | 02-2711 |

## **O R D E R**

AND NOW, this 9th day of October, 2003, upon consideration of the motions of non-party witness Kushvinder Kaur Bagga ("Mrs. Bagga") to quash the subpoena issued to Mrs. Bagga (Document No. 29 in Civil Action No. 02-2080) and to quash the third party bank subpoenas (Document No. 30 in Civil Action No. 02-2080), the responses of the plaintiff FL Receivable Trust 2002-A, and the reply of Mrs. Bagga; and having found that the subpoenas were not issued in bad faith or with the primary purpose of harassing Mrs. Bagga, do not unduly invade the privacy interests of Mrs. Bagga, seek relevant information, are not violative of Federal Rules of Civil Procedure 45 and 69, and that Mrs. Bagga has not established that compliance with the subpoenas would be unreasonable and oppressive, it is hereby **ORDERED** that the Motions are **DENIED**.

However, this court finds that the subpoenas, as written, are subject to an over-broad and unduly burdensome interpretation. Therefore, it is hereby further **ORDERED** that:

1. the subpoena issued to Mrs. Bagga shall be modified to include only the following:

> any and all records relating to and including the tax returns for the business of K&P and your personal tax returns from January 1, 2000 to the present; any and all hard drives or disks for your home and/or personal computer from January 1, 2000 to the present *which currently contain or at one time contained data concerning, relating to, or referring to any businesses owned, operated, or controlled by you or Pratpal (a/k/a Paul) Bagga ("Mr. Bagga") or any businesses that you or Mr. Bagga have been involved in or employed by, including any personal investment transactions by*

*you or Mr. Bagga*; and any and all correspondences written, prepared and/or sent by you from January 1, 2000 to the present *which concern, relate to, or refer to any businesses owned, operated, or controlled by you or Mr. Bagga or any businesses that you or Mr. Bagga have been involved in or employed by, including any personal investment transactions by you or Mr. Bagga*,

2. the subpoenas issued to the third party banks shall be modified to include only the following:

Any and all records relating to Kushivindar K. Bagga a/k/a Kushi Bagga *("Mrs. Bagga")*, *which concern, relate to, or refer to any businesses owned, operated, or controlled by Mrs. Bagga or Pratpal (a/k/a Paul) Bagga ("Mr. Bagga") or any businesses that either person has been involved in or employed by, including any investment transactions by Mrs. Bagga or Mr. Bagga*, including but not limited to, statements of account, checks and endorsements, transaction histories, ledgers, and other such documents regarding, reflecting and/or relating to all transactions made from January 1, 2000 to the present on any and all bank accounts, certificates of deposit, safe deposit boxes, pledges, documents of tittle, securities, Treasury Bills, repurchase agreements, notes, bonds, coupons, receivables, collateral, investments, and/or commercial paper to which the above party has ownership and/or an interest in;

3. the court and the parties shall construe the words "concern(ing), relate(ing) to, or refer(ing) to" in the forgoing order broadly. Moreover, if the responding party or parties finds it necessary to redact any portions of the supplied material, it shall supply the plaintiff with a log or journal describing each such piece of redacted material and indicate the reason for the redaction; and

4. all relevant subpoenas shall be complied with no later than October 27, 2003.

_____
LOWELL A. REED, JR., S.J.

2