**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | **:** The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | **:** |
| | **:** Civil Action No. 02-2710 |
| vs. | **:** |
| | **:** Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | **:** |
| Jamuna Real Estate, LLC | **:** Civil Action No. 02-2080 |
| United Management Services, Inc. and | **:** |
| Welcome Group, Inc., | **:** Civil Action No. 02-2086 |
| Defendants | **:** |
| | **:** |

**<u>ORDER</u>**

AND NOW, this          day of            , 2003, upon consideration of Plaintiff, FL Receivable Trust 2002-A's Motion to Compel Defendants to Review and Produce Documents Produced Pursuant to Third Party Subpoenas, and any response thereto, the Court hereby finds that:

1. On October 9, 2003, the Court denied Mrs. Bagga's Motion to Quash and required the third party banks to respond to subpoenas issued by Plaintiff "no later than October 27, 2003";

2. The third party banks complied with the Court's Order and have had collections of responsive documents awaiting review by Defendants for privileged materials.

Accordingly, the Motion to Compel is GRANTED and it is ORDERED that:

1. Within 7 days of the date of this Order, Defendants shall redact privileged materials and produce to Plaintiff the responsive documents produced by the third party banks; and,

503038

2.  If Defendants fail to perform such review within 7 days of the date of this Order, then all objections to production based on privilege shall be waived and the third party banks are to  produce the responsive documents directly to Plaintiff.

BY THE COURT:

_____

Lowell A. Reed, Jr., S.J.

503038

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | : The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : |
| | : Civil Action No. 02-2710 |
| vs. | : |
| | : Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : |
| Jamuna Real Estate, LLC | : Civil Action No. 02-2080 |
| United Management Services, Inc. and | : |
| Welcome Group, Inc., | : Civil Action No. 02-2086 |
| Defendants | : |
| | : |

**PLAINTIFF FL RECEIVABLES TRUST 2002-A'S MOTION TO COMPEL
DEFENDANTS TO REVIEW AND PRODUCE DOCUMENTS PRODUCED
PURSUANT TO THIRD PARTY SUBPOENAS**

For the reasons set forth in the accompanying memorandum of law, Plaintiff, FL

Receivables Trust 2002-A, submits this motion for an Order compelling Defendants to

review and produce documents produced in response to third-party subpoenas issued to

Wachovia Bank, Commerce Bank, and Sovereign Bank.

Respectfully submitted,

_____
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

503038

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | : The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : |
| | : Civil Action No. 02-2710 |
| vs. | : |
| | : Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : |
| Jamuna Real Estate, LLC | : Civil Action No. 02-2080 |
| United Management Services, Inc. and | : |
| Welcome Group, Inc., | : Civil Action No. 02-2086 |
| Defendants | : |
| | : |

**PLAINTIFF FL RECEIVABLE TRUST 2002-A'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO REVIEW AND
PRODUCE DOCUMENTS PRODUCED PURSUANT TO THIRD PARTY
SUBPOENAS**

Plaintiff, FL Receivable Trust 2002-A (the "Trust"), respectfully submits this

memorandum of law in support of its Motion to Compel Defendants to Review and Produce

Documents Produced Pursuant to Third Party Subpoenas.

**FACTS**

As this Court knows, the four defendants are judgment debtors on millions of dollars

of loans. The defendant companies are owned and operated by Paul Bagga, who, with his

wife, Kushvindar Bagga, own and control dozens of companies.

On August 11, 2003, as part of its discovery in aid of execution, the Trust served

subpoenas *duces tecum* on Sovereign Bank, Wachovia Bank, and Commerce Bank (the

"Banks"), seeking documents relating to Kushvindar Bagga. Mrs. Bagga filed a Motion to

Quash the subpoenas, alleging, *inter alia*, that the subpoenas were intended to harass her, and

that they were unreasonable and oppressive. On October 9, 2003, the Court denied the

Motion. The Court simultaneously found that the subpoenas were subject to an overbroad

interpretation, and modified them so that the Banks were required to produce:

>Any and all records relating to Kushivindar K. Bagga a/k/a
>Kushi Bagga ("Mrs. Bagga"), which concern, relate to, or
>refer to any business owned, operated, or controlled by Mrs.
>Bagga or Pratpal (a/k/a Paul) Bagga ("Mr. Bagga") or any
>businesses that either person has been involved in or
>employed by, including any investment transactions by Mrs.
>Bagga or Mr. Bagga, including but not limited to, statements
>of account, checks and endorsements, transaction histories,
>ledgers, and other such documents regarding, reflecting and/or
>relating to all transactions made from January 1, 2000 to the
>present on any and all bank accounts, certifications of deposit,
>safe deposit boxes, pledges, documents of title, securities,
>Treasury Bills, repurchase agreements, notes, bonds, coupons,
>receivables, collateral, investments, and/or commercial paper
>to which the above party has ownership and/or an interest in.

(Order dated October 9, 2003). The Court ordered that "all relevant subpoenas shall be complied with no later than October 27, 2003."

Each of the Banks found responsive documents within the time frame specified by the Court. However, the Court's order also provided the Defendants the opportunity to redact privileged documents before production to the Trust. Accordingly, the Trust asked Defendants' counsel to review the responsive documents, and to produce those documents not protected by privilege.

The Trust first made this request by phone. Defendants did not respond. On November 12, 2003, therefore, the Trust followed up with a letter requesting that Defendants' counsel review the documents and produce those documents not protected by privilege. In that letter, the Trust provided to Defendants the name and phone number for the appropriate person to contact at each of the Banks. Again, Defendants did not respond. Since then, the Trust repeatedly has attempted to contact Defendants, but Defendants have failed to respond.

Now, more than one month after the Trust's letter, and nearly three months after the Court's order, Defendants have taken no steps to comply with the Court's order. Defendants still have not reviewed the materials for privileged information, and the Trust still does not

have possession of documents the Court ordered produced by October 27, 2003.

Accordingly, the Trust has no choice but to file this Motion to Compel.

<strong>ARGUMENT</strong>

No difficult legal questions are at issue in the instant motion. The Court has already determined that the Banks' documents are discoverable pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, and already has denied Mrs. Bagga's motion to quash. Indeed, the Court ordered the Banks to comply the Trust's subpoenas "no later than October 27, 2003."

The only issue is Defendants' delay in reviewing the responsive documents for privileged material before they are produced to the Trust.

Beginning in October, the Trust requested that Defendants review the responsive documents. On November 12, 2003, the Trust put its request in writing, and included the names and telephone numbers of the Bank representatives for Defendants to contact. The Trust's attempts to follow up with Defendants have been met with persistent stonewalling.

To date, Defendants have not produced any responsive documents. They have not even responded to any of the Trust's written or telephone inquiries. In short, they have ignored the Court's clear instructions.

The Trust is entitled to the discovery this Court ordered completed "no later than October 27, 2003." Defendants' have no explanation for their delay. Accordingly, the Trust requests an Order compelling Defendants either to redact and produce the responsive documents within 7 days, or else deeming all objections to production based on privilege to be waived, so that the Banks may produce immediately all responsive documents directly to the Trust. In addition, the Court should award the Trust its attorneys' fees and costs in connection with this Motion.

503038

**CONCLUSION**

For all of the foregoing reasons, the Trust respectfully requests that the Court (i) grant this Motion and order Defendants to redact and produce responsive documents within 7 days or else to waive all privilege objections and allow the Banks to produce the documents directly to the Trust; and, (ii) award the Trust its attorneys' fees and costs in connection with this Motion.

Respectfully submitted,

_____
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

503038