IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FL RECEIVABLE TRUST 2002-A | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil Action No. 02-2080 |
| | : | Civil Action No. 02-2086 |
| Bagga Enterprises, Inc. | : | Civil Action No. 02-2710 |
| Jamuna Real Estate, LLC | : | Civil Action No. 02-2711 |
| United Management Services, Inc. and | : | |
| Welcome Group, Inc., | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 9th day of February, 2004, upon consideration of the motion of Plaintiff, FL Receivable Trust 2002-A, to determine the procedure for inspecting computer records (Document No. 57 in Civil Action 02-2080), there having been no response thereto, and having found as follows:

1. Plaintiff FL Receivable Trust 2002-A and defendants Bagga Enterprises, Inc., Jamuna Real Estate, LLC, United Management Services, Inc. and Welcome Group, Inc. entered into a Stipulation dated December 10, 2003 which was approved by this Court on that date (the "December 10th Stipulation")(Document No. 49 in Civil Action 02-2080).

2. The December 10th Stipulation specifies certain procedures for copying and reviewing the information obtained as a result of the authorized seizure of computer media consisting of 68 computer discs, four cloned copies of computer discs, cloned copies of fourteen computer hard drives, and one Personal Digital Assistant hand-held computer device (together, the "computer media").

3.      The December 10th Stipulation specifies that the computer media must remain in the custody of the Philadelphia office of the United States Marshal and may be examined there by the parties.

4.      On December 18, 2003, pursuant to the terms of the December 10th Stipulation and after notice to the defendants, plaintiff's forensic computer expert copied the 68 computer discs at the United States Marshal's office, and plaintiff's counsel began inspecting the information on some of the 68 computer discs.

5.      The copies and all original discs were, pursuant to this Court's order, left in the custody of the United States Marshal, which has indicated it has limited space and manpower available to devote to the discovery process contemplated here.

6.      Based on the affidavit of plaintiff's forensic computer expert, continued inspection of the information contained in the computer media at the office of the United States Marshal is not workable.

7.      Plaintiff has certified in its motion that after making reasonable efforts, it has not been able to resolve the dispute before the court. Loc. R. Civ. P. 26.1(f).

8.      The December 10th Stipulation has served its purpose and its provisions are no longer efficacious in the present circumstances.

9.      The request of plaintiff to manage the analysis of the computer data and records is relevant to the subject matter of enforcing the judgements in these cases.

Accordingly, it is hereby ORDERED that:

1.      Plaintiff's forensic computer expert, Kroll Ontrack, Inc. ("Kroll"), shall remove all cloned copies of the computer media from the office of the United States Marshal and leave all original computer media in the

      custody of the United States Marshal, where defendants may retrieve them. Kroll shall transport the copied computer media to its laboratories in Minnesota, extract the information from the computer media, and make the information available to the parties in accordance with the terms of this Order.

2. Plaintiff and Kroll shall counter-sign a copy of this Order acknowledging they (i) are bound by its provisions, (ii) will limit access to the computer media to the parties' authorized representatives, consisting of the parties' designated employees, their lawyers and their consultants, and (iii) will preserve the confidentiality of all information that is determined not to be discoverable.

3. Kroll shall make available the file listings for the files and their contents contained on the computer media to plaintiff and defendants.

4. Kroll shall place the files and their contents contained on the computer media in viewable form on a secure server configured so that access to the files is granted only to the parties' authorized representatives. Plaintiff shall provide to defendants' counsel one business day advance written notice before plaintiff's initial viewing (only) of the files on the server.

5. Any files that cannot be placed upon a secure server shall be reproduced on CD-ROMS or DVD-ROMS and copies provided to both parties for review by each party's authorized representatives. Kroll shall maintain the original copies it made of these CD-ROMS or DVD-ROMS.

6. Subject to the provisions of this Order, plaintiff's authorized representatives shall be permitted to inspect any files on the secure server, the CD-ROMS or DVD-ROMS until such time as plaintiff determines, or until defendants (or any of them) notify plaintiff in writing, including by telecopied letter or by e-mail, that the particular files, identified in said writing, are not discoverable and must be excluded because they are: (1) purely personal and not business-related; (2) legally privileged; or (3) in the nature of trade secrets and proprietary business information whose disclosure to competitors would be injurious to defendants' businesses. (The term "excluded" is used hereinafter to include any of these three situations.)

7. Upon receipt of such notice, plaintiff shall within three business days review the identified files and notify counsel for defendants, by telecopied letter or e-mail, whether it agrees or disagrees with excluding the identified file(s).

8. If plaintiff agrees to exclude the identified files, such files shall be deemed "excluded." Contemporaneously with the notice to defendants' counsel, plaintiff shall notify Kroll to restrict access to the excluded files on the secure server so that the excluded files are accessible only to defendants' authorized representatives. If the excluded files are on a CD-ROM or DVD-ROM, plaintiff shall deliver such CD-ROM or DVD-ROM to Kroll and request from Kroll a replacement copy of such CD-ROM or DVD-ROM which does not contain the excluded files.

9. If plaintiff does not agree with excluding the identified files, such files shall be deemed "disputed." Contemporaneously with the notice to defendant's counsel, plaintiff shall notify Kroll to reproduce the disputed files onto CD-ROMs or DVD-ROMs and provide them to defendants' counsel for purposes of review by the Court. Either party may then ask the Court to review the disputed files <u>in camera</u>.

10. Plaintiff may make copies of, and use in litigation, all files that the parties agree or the Court rules are not excluded. Such files may also be used by Kroll for purposes of any analysis requested by plaintiff.

11. If plaintiff uses records that the parties agree or the Court rules are trade secrets or confidential proprietary business information ("Confidential Information") at a deposition, then defendants may request that the portion of the deposition referring to such Confidential Information be marked "Confidential." If plaintiff uses Confidential Information in a court filing, plaintiff shall seek to file the portions of the court filing that refer to the Confidential Information under seal.

12. Kroll is specifically directed to maintain the files from the computer media in the form outlined in this Order and to permit access only as described in this Order. Except as provided by this Order, Kroll shall not disclose the information on the computer media to anyone other than the authorized representatives of the parties.

13. This Order supersedes the December 10th Stipulation.

14. Within fifteen (15) days after plaintiff and Kroll have completed the tasks set forth in this Order, plaintiff and Kroll shall file and serve a certification that all of the terms of this Order requiring action by plaintiff or Kroll have been complied with and setting forth the date and manner of each such compliance.

15. The Clerk of Court shall serve a copy of this Order upon the United States Marshal for the Eastern District of Pennsylvania (attention: Deputy Marshal Patrick Ennis).

BY THE COURT:

_____
Lowell A. Reed, Jr., S.J.