IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A<br>　　　　　　　Plaintiff | : The Honorable Lowell A. Reed, Jr., S.J.<br>:<br>: Civil Action No. 02-2710 |
| vs. | :<br>: Civil Action No. 02-2711 |
| Bagga Enterprises, Inc.<br>Jamuna Real Estate, LLC<br>United Management Services, Inc. and<br>Welcome Group, Inc.,<br>　　　　　　　Defendants | :<br>: Civil Action No. 02-2080<br>:<br>: Civil Action No. 02-2086<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff, FL Receivable Trust 2002-A's Motion to Compel Compliance With Third Party Subpoenas, and any responses thereto, it is hereby ORDERED that the Motion is GRANTED, and Ten Tigers, SJM Trading, World Apparel Products Company, Inc., Ravinder Chawla, Sant Properties, HB Properties, and Hardeep Chawla shall respond in full, within ten (10) days of the date of this Order, to the Subpoenas issued by Plaintiff on March 18, 2004.

　　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Reed, J.

528306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A<br>           Plaintiff | : The Honorable Lowell A. Reed, Jr., S.J.<br>:<br>: Civil Action No. 02-2710 |
| vs. | :<br>: Civil Action No. 02-2711 |
| Bagga Enterprises, Inc.<br>Jamuna Real Estate, LLC<br>United Management Services, Inc. and<br>Welcome Group, Inc.,<br>           Defendants | :<br>: Civil Action No. 02-2080<br>:<br>: Civil Action No. 02-2086<br>:<br>: |

**PLAINTIFF FL RECEIVABLES TRUST 2002-A'S MOTION TO COMPEL
COMPLIANCE WITH THIRD PARTY SUBPOENAS**

For the reasons set forth in the accompanying memorandum of law, Plaintiff, FL Receivables Trust 2002-A, submits this motion for an Order compelling Ten Tigers, SJM Trading, World Apparel Products Company, Inc., Ravinder Chawla, Sant Properties, HB Properties, and Hardeep Chawla to comply with the third party subpoenas issued by Plaintiff on March 18, 2004.

Respectfully submitted,

/s/ William J. Leonard
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

528306

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FL RECEIVABLE TRUST 2002-A | : The Honorable Lowell A. Reed, Jr., S.J. |
| Plaintiff | : |
| | : Civil Action No. 02-2710 |
| vs. | : |
| | : Civil Action No. 02-2711 |
| Bagga Enterprises, Inc. | : |
| Jamuna Real Estate, LLC | : Civil Action No. 02-2080 |
| United Management Services, Inc. and | : |
| Welcome Group, Inc., | : Civil Action No. 02-2086 |
| Defendants | : |

**PLAINTIFF FL RECEIVABLE TRUST 2002-A'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE
WITH THIRD PARTY SUBPOENAS**

Plaintiff, FL Receivable Trust 2002-A (the "Trust"), respectfully submits this memorandum of law in support of its Motion to Compel Defendants to Compel Compliance with Third Party Subpoenas, directed to Ten Tigers, SJM Trading, World Apparel Products Company, Inc., Ravinder Chawla, Sant Properties, HB Properties, and Hardeep Chawla.

**FACTS**

As this Court knows, the four defendants are judgment debtors on millions of dollars of loans. The defendant companies are owned and operated by Paul Bagga. Paul and Kushvinder Bagga, his wife, own, control, or are affiliated with many other companies, including American Merchandising, Inc.

On March 18, 2004, as part of its discovery in aid of execution, the Trust served subpoenas *duces tecum* on Ten Tigers, SJM Trading, World Apparel Products Company, Inc., and Ravinder Chawla (collectively, the "World Apparel Parties"), and on Sant Properties, HB Properties, and Hardeep Chawla (collectively, the "Sant Parties"). (The subpoena directed to Ten Tigers, which is identical to the other subpoenas, is attached as Exhibit "A"). As the Trust has already discovered, Paul, Kushi, and the defendants have

528306

engaged in numerous financial transactions and dealings with both the Sant Parties and the World Apparel Parties

The subpoenas issued by the Trust are narrow. They seek three categories of documents:

> 1. Any and all documents related to any payments of money or other transfers of property to you from: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.
>
> 2. Any and all records related to any property in your possession that belongs to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.
>
> 3. Any and all Records related to any debts you owe to: (a) United Management Services, Inc.; (b) Bagga Enterprises, Inc.; (c) Jamuna Real Estate, LLC; (d) Welcome Group, Inc.; (e) Paul Bagga; (f) Khushvinder Bagga; or (g) American Merchandising, Inc. during the period 9/1/00 to the present.

On March 30, 2004, the Sant Parties sent a letter objecting to the Subpoena. (The letter is attached as Exhibit "B"). Following fifteen general objections to the subpoena, the Sant Parties responded specifically to each request as follows:

> In addition to their general objections, the Sant Parties object to this request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of the litigation nor reasonably likely to lead to the discovery of admissible evidence. The Sant Parties further object to this request on the grounds that it is designed solely to circumvent the requirements of Rule 26(d) and (f) of the Federal Rules of Civil Procedure by impermissibly seeking discovery that may be relevant, if at all, only to the litigation captioned *FL Receivables Trust 2002-A v. Paul Bagga, et al.*, E.D.Pa. Civ. No. 03-5108, in which no Rule 26(f) conference has been conducted. The Sant Parties further

528306

>object to this request on the grounds that it is vague and ambiguous.

The action referred to in the objection is a civil RICO action pending in the Eastern District of Pennsylvania, filed by the Trust. The defendants in the RICO case are: the defendants in the instant matter, Paul and Kushvinder Bagga, the Sant Parties, and the World Apparel Parties. The RICO case has broad allegations of conspiracy and fraud, ranging from entering into fraudulent loan documents to trafficking in fraudulent fashion goods. The RICO defendants all filed motions to dismiss and, while those motions are pending, have refused to engage in any discovery. The Trust filed a motion to compel a Rule 26(f) conference which, like the motions to dismiss, is currently pending before Judge Kauffman. Importantly, *even if Judge Kauffman dismisses the RICO case*, the Trust would *still* seek the instant discovery from the Sant Parties and the World Apparel Parties.

On April 7, the World Apparel Parties sent a letter that is literally identical to the Sant Parties' letter. (The letter is attached as Exhibit "C"). In response to a phone call from Plaintiff's counsel, counsel for the subpoenaed parties indicated that there is no way to resolve this issue absent Court intervention. Accordingly, the Trust has no choice but to file this Motion to Compel.

**ARGUMENT**

The Trust, as a judgment creditor, is entitled to responses to the narrow discovery requests at issue in the instant matter.

Rule 69 of the Federal Rules of Civil Procedure allows a judgment creditor to "obtain discovery *from any person* . . . in the manner proved in these rules or in the manner provided by the practice of the state in which the district court is held." Fed.R.Civ.P. 69(a) (emphasis added). A judgment creditor proceeding under Rule 69 "must be given freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." Caisson Corp.

528306


v. County West Building Corp., 62 F.R.D. 331, 334 (E.D.Pa. 1974); see also, PaineWebber, Inc. v. Devin, 658 A.2d 409, 413 (Pa.Super. 1995) (under Pennsylvania rules, scope of discovery in aid of execution is "broad").

"There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor." Caisson, 62 F.R.D. at 335; PaineWebber, 658 A.2d at 413 (under Pennsylvania rules, judgment creditor is "not restricted to obtaining discovery from defendants or garnishees, but may seek discovery from any person who may have information regarding the location of assets of the judgment debtor."). Third parties, such as the Sant Parties and the World Apparel Parties, can be "examined about assets of the judgment debtor," so long as they are not "required to disclose their own assets." Caisson, 62 F.R.D. at 334. Indeed, the main limitation on the judgment creditor's discovery is that the discovery "be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." Id.

Here, the Trust strictly limited its discovery to three categories of documents: (1) those related to payment of money or transfer of property between the third parties and the judgment debtors; (2) those related to property in the third parties' possession that actually belongs to the judgment debtors; and, (3) those related to debts owed to the judgment debtors. Each category is directly relevant to the subject matter of the litigation: uncovering assets of the judgment debtors that might satisfy the debt.

Because the Trust has demonstrated that the requests are relevant, the third parties must show that the information the Trust seeks is subject to a privilege or some other form of protection. Mycogen Plant Science, Inc. v. Monsanto Co., 164 F.R.D. 623, 625-26 (E.D.Pa. 1996).

Neither the Sant Parties nor the World Apparel Parties have shown any reason why they should not answer the discovery requests. To the contrary, each offers identical boilerplate objections, rather than concrete or specific reasons why such discovery would be burdensome, or why they cannot produce the requested documents. Morgan v. Havir Mfg. Co., 1994 WL 384665, at *2 (E.D.Pa. 1994) (plaintiff's motion to compel granted where defendant "merely asserted boilerplate objections that the discovery sought is irrelevant, overbroad and unduly burdensome, without specifying how each interrogatory or request for production is deficient and without articulating the particular harm that would accrue if they were required to respond to the plaintiffs' discovery requests").

The boilerplate objections are not compelling. The Trust's narrow requests are neither "overbroad" nor "unduly burdensome." If no responsive documents exist, the third parties can easily say so. If, on the other hand, the third parties have received money or property from the judgment debtors, of if they hold property of the debtors, or if they owe money to the debtors, that information is central to the execution of the Trust's judgments against the debtors, and is not protected from discovery.

The only specific objection offered by the Sant Properties or the World Apparel Parties is that the requests are an attempt to "circumvent" discovery restrictions in the RICO case. This is obviously untrue. First, the requests are strictly limited to information about the assets of the judgment debtors that may have been transferred to third parties by the debtors, or the debtors' principals or affiliates of the debtors. Second, if the Trust was attempting to take discovery in the RICO case, it would seek substantially more information. Information regarding assets of a judgment debtor is, by definition, relevant to execution proceedings. That the Trust also commenced the RICO action cannot *restrict* the Trust's rights in the instant matter.

528306

## CONCLUSION

For all of the foregoing reasons, the Trust respectfully requests that the Court grant this Motion and order Ten Tigers, SJM Trading, World Apparel Products Company, Inc., Ravinder Chawla, Sant Properties, HB Properties, and Hardeep Chawla to comply with the subpoenas served by the Trust.

Respectfully submitted,

_____
William J. Leonard
Richard P. Limburg

One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103-1895
(215) 665-3014

Attorneys for Plaintiff

528306

## CERTIFICATE OF SERVICE

I, MATHIEU J. SHAPIRO, hereby certifies that on this 8th day of April, 2004, I caused the foregoing Plaintiff's Motion to Compel Compliance With Third Party Subpoenas to be served via first-class mail, postage pre-paid, on the following:

Jon M. Adelstein, Esquire
Adelstein & Lausten
The Park Terrace Building
275 S. Main Street, Suite 9
Doylestown, PA 18901
*Attorney for Defendants, Paul Bagga, Khushvinder Bagga, Bagga Enterprises, Inc., Jamuna Real Estate, LLC, United Management Services, Inc., K&P Real Estate, LLC, and American Merchandise Co., Inc.*

Richard Simins, Esquire
Buchanan Ingersoll, PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985
*Attorney for Defendants, Hardeep Chawla, HB Properties, and Saint Properties*

Andrew Teitelman, Esquire
Law Offices of Andrew Teitelman
3993 Huntington Pike, Suite 210
Huntington Valley, PA 19006
*Attorney for Defendants, Ravinder Chawla and World Apparel Products Co., Inc., d/b/a SJM Trading, d/b/a Tent Tigers*

_____
MATHIEU J. SHAPIRO

497873